IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNESTO ZAVALA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1601-K-BD |
| | § | |
| NURIA PRENDES, ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ernesto Zavala, by and through his attorney, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

I.

In 1994, petitioner, a citizen of El Salvador, was placed into removal proceedings shortly after he illegally entered the United States. (*See* Resp. App. at 006). When petitioner failed to appear for his removal hearing on January 26, 1995, he was ordered removed *in absentia*. (*Id.* at 014). More than 14 years later, on September 19, 2009, petitioner was encountered by federal immigration authorities following his arrest for public intoxication. (*Id.* at 015-16). After spending a period of time in immigration custody, petitioner was released under an order of supervision that requires him, *inter alia*, to "participate in a supervised release program" and "comply with the rules and requirements of this program[.]" (*See* Hab. Pet., Exh. 1 at 3). Under the supervision plan developed by his probation officer, petitioner must:

- report in person to the immigration office in Dallas every Monday, and be at home afterward every Monday at 4:00 p.m. to meet with his case specialist;

- wear a leg monitor at all times;

- report to an "Officer McCormack" on November 23, 2009, January 25, 2010, April 19, 2010, and June 17, 2010; and

- be at home by 8:00 p.m. every evening.

(*See id.* at 4, ¶ 12 & Exh. 2 at 1). Petitioner contends that these conditions, which restrain his liberty and interfere with his ability to work, have no rational basis and serve no purpose "other than harassment." (*Id.* at 4, ¶ 11). Respondents counter that the conditions of release are constitutionally permissible.

II.

An alien subject to a final order of removal may be released on conditions pending removal under regulations prescribed by the Attorney General. *See Zadvydas v. Davis*, 533 U.S. 678, 695-96, 121 S.Ct. 2491, 2501-02, 150 L.Ed.2d 653 (2001), *citing* 8 U.S.C. § 1231(a)(3) & 8 C.F.R. § 241.5. If an alien fails to comply with the conditions of release, he will be subject to criminal penalties, including detention. *Id.*; *see also Shokeh v. Thompson*, 369 F.3d 865, 869 (5th Cir. 2004), *opinion vacated as moot at* 375 F.3d 351 (5th Cir. 2004). The few courts that have considered habeas challenges to post-removal orders of supervision have given administrative authorities wide latitude to impose such orders. *See Kalombo v. Shanahan*, No. 07-CIV-11350-PKC, 2009 WL 1788589 at *5 (S.D.N.Y. Jun. 23, 2009) (citing cases). Those courts apply a "rational basis" test to assure that the conditions imposed are reasonably related to legitimate enforcement needs. *See Yusov v. Shaughnessey*, 671 F.Supp.2d 523, 530 (S.D.N.Y. 2009); *Meremikwu v. Gonzales*, No. 3-06-CV-1627-M, 2007 WL 530228 at *2 (N.D. Tex. Feb. 21, 2007); *but see Mahmoud v. Cangemi*, No. 05-

900(DWF/FLN), 2006 WL 1174214 at *3 (D. Minn. May 1, 2006) (finding that the Attorney General has "unfettered discretion" to assign conditions of release under 8 C.F.R. § 241.5).

Here, petitioner challenges the conditions requiring him: (1) to report in person to the immigration office every Monday, and be at home afterward every Monday at 4:00 p.m. to meet with his case specialist; (2) to wear a leg monitor at all times; (3) to have quarterly meetings with his probation officer; and (4) to be at home by 8:00 p.m. every evening. (See Hab. Pet. at 4 ¶ 12). According to petitioner, his eligibility for temporary protected status indicates that "there is no rational basis for the onerous requirement that [he] wear a leg monitor and report to Defendants every time he turns around." (Id. at 4-5 ¶ 13). However, all the conditions imposed by immigration authorities are reasonable and fall within the scope of 8 C.F.R. § 241.5. Requiring petitioner to appear before an immigration officer periodically for identification is specifically included in the regulation. See 8 C.F.R. § 241.5(a)(1). This reporting requirement, as well as the conditions requiring petitioner to be available for home visits and have quarterly meetings with his probation officer, allow immigration officials to monitor petitioner's whereabouts and "ensure that [petitioner] remains locatable and fit for release under an order of supervision by collecting up-to-date contact information and checking for evidence of recent criminal activity." Yusov, 671 F.Supp.2d at 530; see also Meremikwu, 2007 WL 530228 at *2. Similarly, requiring petitioner to wear an ankle monitor is a reasonable restriction that assures that petitioner can be accounted for and does not abscond pending removal. See Nguyen v. B.I. Incorporated, 435 F.Supp.2d 1109, 1114-15 (D. Or. 2006) (finding that a daily 8 to 12 hour period of home confinement was a permissible condition of release). Although less burdensome conditions may achieve the same results, due process does not require the government to employ the least restrictive means of assuring petitioner's appearance and the safety of the community. To survive "rational basis" review, "[t]he government need only

demonstrate a 'reasonable fit' between the governmental purpose and the 'means chosen to advance that purpose.'" *Yusov*, 671 F.Supp.2d at 530, *quoting Reno v. Flores*, 507 U.S. 292, 305-06, 113 S.Ct. 1439, 1448-49, 123 L.Ed.2d 1 (1993). Because the government has made that showing, habeas relief is not proper.[1]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 5, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In its response, the government also addresses whether the court has jurisdiction to place petitioner on Temporary Protected Status. (*See* Gov't Resp. at 7-8). However, the court does not read petitioner's pleading to seek habeas relief on that ground.